In re NATHANSON BROS. CO.

ATLANTA KNITTING MILLS et al. v.
NATHANSON BROS. CO.

No. 6189.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1933.

L. V. Pylkas, of Detroit, Mich. (George J. Gould, of Toledo, Ohio, Max Kahn, of Detroit, Mich., and Doyle & Lewis, of Toledo, Ohio, on the brief), for appellants.

Farber & Cochrane, of Toledo, Ohio, for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Appellee was engaged in the wholesale general merchandise business, and specialized in Christmas goods and toys. A receiver was appointed by the common pleas court for Lucas county, Ohio, on March 10, 1931, and the controlling issue in the present case was whether appellee was insolvent on that date. Appellants filed their petition for involuntary bankruptcy. The alleged bankrupt denied insolvency and the commission of an act of bankruptcy, but did not ask for a jury trial. Thereupon the case was referred to a special master who took evidence and reported his conclusions of law and fact to the court. The court confirmed the master's report, dismissing the petition. Plaintiffs appealed.

Appellants concede that concurrent findings of master and judge upon conflicting evidence will not be set aside on appeal on anything less than a demonstration of plain mistake, and upon application of this principle the only question properly preserved by the exceptions to the report of the special master is whether the master and the court were justified in valuing the assets of the alleged bankrupt as a "going concern." The evidence clearly establishes, we think, that prior to the appointment of the receiver the appellee was confronted with a practical collapse of its lines of credit necessary for the operation of the business. Like many other companies during the same period, it could not borrow except on the assignment of accounts receivable and trade acceptances at ruinous rates of discount. However, the business had not been discontinued, and the receiver was authorized to continue it.

Section 1 of the Bankruptcy Act, 11 US CA. § 1, provides that a person shall be deemed insolvent within the provisions of this title "whenever the aggregate of his property * * * shall not, at a fair valuation, be sufficient in amount to pay his debts." This court has held that in arriving at such fair valuation the property of the alleged bankrupt must be considered as the property of a going concern, that is, as property adapted to and used for the purpose of carrying on the business in question. In re Klein (C. C. A.) 197 F. 241. Doubtless the underlying principle of going concern value is that an additional element of value attaches to property, considered in the aggregate, by reason of its having been assembled for the conduct of the given business and its fitness for such use. We do not think that the financial outlook of the debtor corporation, or the intention of its stockholders and directors to continue business or to liquidate at an early date, is determinative of the question. If the business is in fact being conducted at the time of alleged bankruptcy, then the items of property constituting its assets must receive a fair valuation, not as isolated articles separated from the whole, but as parts of the whole and as useful in that relationship. This is all that is meant by going concern value.

Since this is the sense in which the District Court applied the definition, the decree of that court is affirmed.