**EDWARD R. BACON COMPANY,**
Appellant,

v.

**William B. GROVER, Trustee in Bankruptcy,** Appellee.

No. 23013.

United States Court of Appeals
Ninth Circuit.

Jan. 21, 1970.

Henry Cohen (argued), Arthur P. Shapro, of Anixter & Aronson, Burlingame, Cal., for appellant.

Frederick L. Hilger (argued), Eureka, Cal., for appellee.

Before BARNES, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Edward R. Bacon Company ("Bacon") appeals from an order of the District Court affirming a turnover order secured by the trustee in bankruptcy to recover $756.71 received by Bacon sometime between December 8 and December 13, 1966, in discharge of a writ of attachment Bacon had levied on funds of the debtor on October 20, 1966. The debtor filed a voluntary petition in bankruptcy on February 2, 1967. We reverse because the essential finding that the debtor was insolvent when the lien attached is clearly erroneous.

The books of the debtor and the balance sheets prepared by the debtor's certified public accountant established that the assets of the debtor substantially exceeded its liabilities as of September 30, 1966 and November 30, 1966. The accountant testified that the books and the balance sheets accurately reflected the financial condition of the debtor as a going concern. No evidence is in the record to the contrary.

To support the finding of insolvency, the trustee relies upon testimony of the same accountant that book value of some of the assets could not have been realized had the debtor then ceased business, and, if the book value of those assets were accordingly reduced, the liabilities of the debtor would have exceeded its assets. There is "overwhelming authority" that, for the purpose of deciding insolvency in this context, the assets of the debtor must be valued as those of a going concern. (1 Collier Bankruptcy (14th Ed. 1969) ¶ 1.19, p. 130.1.) The finding of insolvency thus cannot be sustained.

It is unnecessary to reach the remaining contentions of the parties.

No useful purpose could be served by retrying the issue; the evidence has been fully developed.

We reverse the order of the District Court with directions to vacate the turnover order.