PER CURIAM:
Progressive Pharmaceutical Systems, Inc., appeals the district court’s order affirming a bankruptcy judge’s determination that a judgment lien obtained by Progressive on the assets of Western Adams Hospital Corporation (Western Adams) was null and void because obtained within four months of Western Adams’ bankruptcy at a time when Western Adams was insolvent. We affirm.
Progressive contends that the bankruptcy judge failed to make a fair valuation of Western Adams’ assets in determining that the corporation was insolvent at the time the lien attached. See 11 U.S.C. §§ 1(19), 107(a) (1976).
*930 Because Western Adams was an operating entity on the date the lien attached, the bankruptcy judge correctly valued its assets as those of a “going concern”, determining their value not as isolated articles but as parts of the whole and useful in the operation of the corporation. Edward R. Bacon Co. v. Grover, 420 F.2d 678, 679 (9th Cir. 1970). See In re Nathanson Brothers Co., 64 F.2d 912, 913 (6th Cir. 1933); 1 Collier on Bankruptcy, ¶ 1.19[3] at 121 (14th ed. 1974). The judge was presented with conflicting expert testimony with respect to the proper value and made a reasonable determination under the appropriate standard. The judge found that the debts of the corporation substantially outweighed its assets and that it was insolvent on the relevant date.
This finding, affirmed by the district court, had ample support in the record and is more than sufficient to withstand review under Bankruptcy Rule 810 and Fed.R. Civ.P. 52. In re Houtman, 568 F.2d 651, 653 (9th Cir. 1978).
Affirmed.