### In re STORAGE TECHNOLOGY CORPORATION, Debtor.

**Bankruptcy No. 84 B 5377 G.**

United States District Court, D. Colorado.

July 17, 1985.

Holme, Roberts & Owen, Denver, Colo., Stutman, Treister & Glatt, Los Angeles, Cal. and Hale & Dorr, Boston, Mass. for debtor.

Norman D. Haglund, Denver, Colo., for Ametek, Inc.

## MEMORANDUM ORDER RE: STANDARDS FOR DETERMINING "FAIR VALUATION"

JAY L. GUECK, Bankruptcy Judge.

The matter before the Court involves the determination of the meaning of "fair valuation" within the context of 11 U.S.C. § 101(29)(A) to be utilized in the determination of insolvency in the upcoming trial scheduled for August 13 through 16, 1985.

The movants herein are reclamation claimants who seek, under the provisions of 11 U.S.C. § 546(c) to reclaim goods which were sold to the debtor, in the ordinary course of each seller's business, under conditions wherein the debtor received the goods while allegedly insolvent. This Court, sitting *en banc*, has already determined that the insolvency which needs to be proved is the insolvency test provided in 11 U.S.C. § 101(29), the so-called "balance sheet" test.

Section 101(29)(A) of the Bankruptcy Code provides as follows:

(29) "insolvent" means—

(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title;

The debtors-in-possession, Storage Technology Corporation, Storage Technology De Puerto Rico, Inc. and Documation Incorporated (collectively referred to as "STC"), request the Court to determine that "fair valuation" as referred in § 101(29) be construed in the sense of a going concern and be equated to fair market value. The creditors request that the Court construe the term "fair valuation" to be the value of STC's assets which might be derived in a sale conducted during a sixty (60) to ninety (90)-day period.

## CONCLUSIONS OF LAW

This Court has already determined that the "balance sheet" test determines the issue of insolvency under 11 U.S.C. § 546(c). The creditors' suggested construction of the term "fair valuation", as used in 11 U.S.C. § 101(29), which is applicable to a determination of insolvency under § 546, would not comport with that balance sheet test. That suggested method would impose a liquidation value to be realized over a 60 to 90-day time frame. A debtor of any size would experience some difficulty in liquidating assets over a 60 to 90-day period. Liquidation of the assets of these debtors-in-possession might merely be begun within that period of time. The evidence reflects that STC is and has been in the process of reorganization in the sense of rehabilitation and continues to operate as a going concern, albeit a reorganized concern. There is no evidence that STC is on its "death bed" as discussed in *In re Arrowhead Gardens, Inc.*, 32 B.R. 296 (Bankr.Mass.1983), which held that unless a business is on its death bed the "fair

value" of assets, in the context of § 547(a), "is the going concern value or fair market price." *In re Arrowhead Gardens, Inc., supra*, at p. 299. *Accord: In re Utility Stationary Stores, Inc.*, 12 B.R. 170 (Bankr.N.D.Ill.1981). No reason is given why this same consideration should not apply to § 546(c). The court in *Arrowhead Gardens* also noted that the concept of fair valuation is not synonymous with liquidation value, but has been interpreted to mean the amount which can be realized from the assets within a reasonable time, citing *American National Bank and Trust Company of Chicago v. Bone*, 333 F.2d 984 (8th Cir.1964).

In the same context under Section 1 of the Bankruptcy Act, 11 U.S.C.A. § 1, provided that a person shall be deemed insolvent within the provisions of that title "whenever the aggregate of his property ... shall not, at a fair valuation, be sufficient in amount to pay his debts." Thus, in *Atlanta Knitting Mills v. Nathanson Bros. Co.*, 64 F.2d 912 (6th Cir.1933), where the bankrupt corporation was in receivership and could not borrow except on the assignment of accounts receivable and trade acceptances at exhorbitant rates of discount, the court found that the business had not been discontinued and the receiver was authorized to continue operations. Under these circumstances, the Sixth Circuit Court of Appeals determined that in arriving at a fair valuation, "the property of the alleged bankrupt must be considered as the property of a going concern, that is, as property adapted to and used for the purpose of carrying on the business in question." *Nathanson Bros. Co., supra*, at p. 913. The court went on to state as follows:

> "If the business is in fact being conducted at the time of alleged bankruptcy, then the items of property constituting its assets must receive a fair valuation, not as isolated articles separated from the whole, but as parts of the whole and as useful in that relationship. This is all that is meant by going concern value." *Nathanson Bros. Co., supra*, at p. 913.

*Collier* points out that the concept of "fair valuation" involves the estimate of what can be realized out of the assets "within a reasonable time either through collection or sale at the regular market value, conceiving the latter as the amount which could be obtained for the property in question within such period by a 'capable and diligent businessman' from an interested buyer 'who is willing to purchase under the ordinary selling conditions.'" *Collier on Bankruptcy*, 101.29[4], pp. 101–54 through 101–57. I adopt that summary as the concept of fair valuation which is to be used in this case.

STC has also asked the Court to determine that contingent assets or liabilities such as lawsuits should not be considered in determining insolvency. I decline to make such a broad holding at this time until the parties have had an opportunity to present expert testimony to establish whether or not such assets or liabilities, together with any offsetting contingent rights, can legitimately be assigned a value in determining insolvency here. Certainly, the Court will not speculate on the outcome of pending litigation, nor will it assign any speculative value or liability to such litigation. Nonetheless, expert witnesses should have the opportunity to review whatever matters might be pending and render their determination on the value or lack thereof to be considered by the Court.

On the basis of the foregoing authorities and discussion, the "fair valuation" to be utilized in determining insolvency in the presently set reclamation trials shall be consistent with the concepts set forth in this Order.