In re VIDEO KING OF ILLINOIS, INC., a New York Corporation, Debtor.

TOSHIBA AMERICA, INC., Plaintiff,

v.

VIDEO KING OF ILLINOIS, INC., Defendant.

PANASONIC COMPANY, DIVISION OF MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Plaintiff,

v.

VIDEO KING OF ILLINOIS, INC., Defendant.

Bankruptcy No. 87 B 15813.
Adv. Nos. 87 A 1153, 87 A 1154.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 6, 1989.

---

David Eaton, Katten, Muchin & Zavis, Chicago, Ill., for plaintiffs, Toshiba America, Inc. and Panasonic Co.

Ira P. Goldberg, Levit & Mason, Ltd., Chicago, Ill., for intervenor, Berkshire Bank and Trust Co.

Harry S. Miller, Chicago, Ill., trustee.

## MEMORANDUM DECISION

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on cross motions of all the parties for summary judgment in whole or in part. Each of the motions is brought under Federal Rule of Civil Procedure 56, which is applicable to these proceedings by virtue of Bankruptcy Rule 7056. The plaintiffs in these proceedings, Toshiba America, Inc. and Panasonic Company, each filed motions for partial summary judgment. The debtor/defendant, Video King of Illinois ("Video King") filed a cross motion for summary judgment. The intervenor, Berkshire Bank and Trust Company ("Bank") also filed a motion for partial summary judgment against Panasonic and Toshiba. This memorandum decision addresses all four of these motions.

### FACTS

The stipulations and statements of undisputed facts submitted by the parties pursuant to Local Rule 12 reveal the following. Video King was a retail seller of consumer electronic goods. On October 13, 1987 Toshiba delivered a shipment of consumer electronics goods consisting of VCR's and color televisions to Video King. Between October 14, 1987 and October 21, 1987, Video King also received deliveries of consumer electronics goods from Panasonic.

On October 21, 1987, Video King announced to its creditors its intention to immediately surrender substantially all of its assets to Berkshire Bank, its major lender. Video King asked the Bank to conduct a retail foreclosure sale of its assets and apply any proceeds to Video King's debt to the Bank which was allegedly secured by a blanket security interest in Video King's inventory and other as-

sets.[1] Later that evening, American Auction Associates ("American Auction"), a liquidator retained by the Bank, began taking an inventory of Video King's merchandise on Video King's premises. On October 22 and 23, 1987, respectively, Toshiba and Panasonic sent Video King, the Bank and American Auction written demands for the reclamation of the goods delivered by Toshiba and Panasonic to Video King within the previous ten days.

On October 26, 1987, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Video King. An order for relief was entered by this Court on October 30, 1987.

Video King has not returned either the goods or the proceeds of any sale of the goods to Toshiba or Panasonic. Because the goods were previously sold pursuant to court order, reclamation is no longer possible. Of course, the sale of the goods was without prejudice to other rights Toshiba or Panasonic might assert in connection with their prepetition reclamation demands. In these adversary proceedings Toshiba and Panasonic seek relief under 11 U.S.C. § 546(c) in the form of an administrative priority under § 503(b) of the Bankruptcy Code or a lien on property of Video King's estate to protect the value of their respective reclamation claims.[2] The trustee opposes the relief sought by both Toshiba and Panasonic. Berkshire Bank has intervened in these proceedings to assert that its blanket security interest is prior to any rights of reclamation Panasonic or Toshiba may have.[3]

### Jurisdiction and Procedure

This is a matter arising under § 546(c) of the Bankruptcy Code. Accordingly this court has jurisdiction over this dispute under 28 U.S.C. § 1334(b) and the General Order of the United States District Court

---

1. Toshiba and Panasonic did not stipulate as to the validity of Berkshire's security interest. The validity of that security interest is being challenged by the trustee in another adversary proceeding (Adversary No. 88 A 0311).

2. Toshiba and Panasonic seek only partial summary judgment because the question of the goods still on the debtor's premises at the time

the reclamation demand was received by Video King is in dispute.

3. As an intervenor, the Bank has standing to raise any issue affecting its rights. *See generally* 3B J. Moore, J. Kennedy, *Moore's Federal Practice* ¶ 24.16[4] (2d ed. 1987).

for the Northern District of Illinois of July 10, 1984 automatically referring bankruptcy cases and proceedings to this court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

## The Standard for Summary Judgment

To prevail in a motion for summary judgment, the moving party must meet the criteria set forth in Rule 56 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in bankruptcy by Bankruptcy Rule 7056. Rule 56 provides that summary judgment:

> ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

■ Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 applies to adversary proceedings under Bankruptcy Rule 7056. "The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir.1986)). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, the existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under the applicable law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

■ The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the "pleading, depositions, answers to interrogatories, and affidavits, if any" which it believes demonstrate the lack of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. However, once the motion for summary judgment has been made and supported as described above, Rule 56(e) provides that a party opposing the motion may not rely on the mere allegations and denials contained in its pleadings, but must set forth specific facts to show that a genuine issue exists for trial. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). To do so, the court should not "weigh the evidence." *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.1987). However, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Valley Liquors*, 822 F.2d at 659.

## Discussion

■ Section 2–702 of the Uniform Commercial Code, as adopted by Illinois, Ill. Rev.Stat. ch. 26, ¶ 2–702, provides for reclamation by a seller. That section states in pertinent part:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt, ...
>
> (3) The seller's right to reclaim under Subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this Article (Section 2–403), successful reclamation of

goods excludes all other remedies with respect to them.

This seller's right to reclamation is recognized in bankruptcy proceedings only to the extent provided in § 546(c) of the Bankruptcy Code. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1347 (11th Cir. 1988).[4]

■ At the outset, it is important to keep in mind the fact that the Bankruptcy Code does not create any right of reclamation for sellers of goods to insolvent buyers. It merely recognizes such a right to a limited extent in a bankruptcy case, if any such right exists under either common law or statute other than the Bankruptcy Code. Thus, Section 546(c) requires as premise that the reclaiming seller have an independent right of reclamation under applicable nonbankruptcy law. Section 546(c) then narrows those nonbankruptcy reclamation rights by imposing additional procedural and substantive requirements before such rights will be recognized in a bankruptcy case. In the context of this dispute, any rights Panasonic or Toshiba might have to

reclaim under § 2–702 of the U.C.C. are narrowed by the additional requirements of § 546(c) that the demands for reclamation be in writing and that the goods be sold in the ordinary course of the seller's business and by the requirement that the debtor is shown to have been "insolvent" as that term is defined by § 101(31) of the Bankruptcy Code when the goods were delivered.[5]

■ The burden is on the party alleging a right to reclaim goods sold to a debtor prepetition to establish each element giving rise to that right by a fair preponderance of the evidence. *Rawson Food Service*, 846 F.2d at 1347. In the context of these proceedings this means that Panasonic and Toshiba will each have to prove:

1. That it sold goods on credit to the debtor in the ordinary course of business of each.

2. That it delivered those goods to the debtor at a time when the debtor was insolvent as that term is defined by the Bankruptcy Code.[6]

*See In re Bearhouse, Inc.*, 84 B.R. 552, 559–60 (Bankr.W.D.Ark.1988).

4. 11 U.S.C. § 546(c) provides:
 Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—
 (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and
 (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—
 (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
 (B) secures such claim by a lien.

5. Section 546(c) imposes a strict 10 day notice period. It does not extend the 10 day period to three months in the event of written misrepresentation of solvency as does § 2–702. No allegations of written misrepresentation of solvency have been made in these proceedings. In any case such allegations would be fruitless as § 546(c) is the exclusive method by which sellers nonbankruptcy rights of reclamation of goods sold to insolvent debtors can be recognized in a bankruptcy case. *Rawson Food Service*, 846 F.2d at 1346; *In re Rozel Industries, Inc.*, 74 B.R. 643, 646 (Bankr.N.D.Ill.1987). *But*

6. Theoretically, Toshiba and Panasonic would have to prove insolvency under both § 1–201(23) of the U.C.C. and § 101(31) of the Bankruptcy Code, since § 2–702 and § 546(c) each specifically references insolvency. Thus, proof of U.C.C. insolvency is required to establish the existence of a right to reclamation under applicable nonbankruptcy law, while proof of Bankruptcy Code insolvency is required to establish the right to enforce the nonbankruptcy right of reclamation in a bankruptcy case under § 546(c). Insolvency for U.C.C. purposes is either equity insolvency (*i.e.*, inability to meet current maturities) or insolvency as defined by the Bankruptcy Code (*i.e.*, assets less than liabilities). Therefore, as a practical matter, proof of Bankruptcy Code insolvency will satisfy both statutes. *See also In re Storage Technology Corp.*, 51 B.R. 206 (D.Colo.1985); *In re Furniture Distributors, Inc.*, 45 B.R. 38 (Bankr.D.Mass. 1984). Section 2–702 of the U.C.C. also requires that the seller not know of the buyer's insolvency at the time of delivery. *See Theo. Hamm Brewing Co. v. First Trust & Savings Bank of Kankakee*, 103 Ill.App.2d 190, 242 N.E.2d 911 (3rd Dist.1968) *See also Monsanto Co. v. Walter E. Heller & Co.*, 114 Ill.App.3d 1078, 1088–89, 70 Ill.Dec. 646, 652–53, 449 N.E.2d 993, 998–99 (1st Dist.1983). Technically, Panasonic and Toshiba would have to prove ignorance. However, no

3. That within ten days after the goods were delivered to the debtor, the seller made a written demand for the return of the goods.

4. That the debtor had possession of the goods at the time of the reclamation demand or the goods were not in the hands of a buyer in the ordinary course or a good faith purchaser at the time of the demand.

The parties agree that both Toshiba and Panasonic sold goods to the debtor on credit in the ordinary course of business and that both made a written demand for the return of those goods within 10 days after delivery. That is the extent of the parties' agreement. While the trustee concedes that the debtor was insolvent at the time the goods were delivered, the Bank does not. Both the trustee and the Bank disagree with Toshiba and Panasonic on the question of possession.

In fact, Toshiba and Panasonic question whether possession by the buyer of the goods at the time of the demand for reclamation should be required in an action under § 546(c). Logic certainly suggests it should. An insolvent buyer of goods can only return whatever it still has when the demand is made.[7] The case law has confirmed this logic by making possession of the goods by the debtor at the time of the seller's reclamation demand a requirement under § 546(c). *See, e.g., In re Rawson Food Service,* 846 F.2d 1343 (11th Cir. 1988); *American Saw & Mfg. Co. v. Bosler Supply Group, (Matter of Bosler Supply Group )*, 74 B.R. 250 (N.D.Ill.1987); *In re Flagstaff Foodservice,* 56 B.R. 899 (Bankr. S.D.N.Y.1986); *In re Landy Beef,* 30 B.R. 19 (Bankr.D.Mass.1983). In *Rawson Food Service,* the Eleventh Circuit Court of Appeals concluded that:

... an implicit requirement of a § 546(c) reclamation claim is that the debtor must possess the goods when the reclamation demand is made and therefore that the

seller must prove possession as part of its prima facie case. 846 F.2d at 1344.

The blanket requirement of possession in the caselaw, while true in general, is overly broad. The cases do not distinguish whether possession is an element under § 546(c) of the Bankruptcy Code or in establishing an independent right of reclamation under nonbankruptcy law to be recognized under § 546(c). The latter thesis is more defensible. Section 2–702(3) of the U.C.C. makes a seller's reclamation rights subject to any sale by the debtor of those goods to a buyer in the ordinary course of business or by a disposition to another good faith purchaser as that term is defined in § 2–403 of the U.C.C. Thus, if before the reclamation demand is made, the debtor sells the goods to a buyer in the ordinary course, the seller cannot recover the goods from the buyer. *In re Landy Beef Co., Inc.,* 30 B.R. 19, 21 (Bankr.D.Mass.1983).

Toshiba and Panasonic seem to recognize this rule and thus some requirement of possession by seeking only partial summary judgment and seek to recover only the value of the goods still in the debtor's possession at the time of the demand. However, the logic then follows that the possession requirement is not absolute. If the goods are in possession of one who is neither a buyer in the ordinary course nor a good faith purchaser, the reclaiming seller's rights would not be subject to the rights of such a party under § 2–702(3). *See Monsanto Co. v. Walter E. Heller & Co.,* 114 Ill.App.3d 1078, 70 Ill.Dec. 646, 449 N.E.2d 993 (1st Dist.1983). Nothing in § 546(c) specifically alters that result. Thus, even if the Bank rather than the debtor was in possession of the goods at the time of the demands, Toshiba or Panasonic could still succeed in establishing a right of reclamation by showing that the Bank was neither a buyer in the ordinary course nor a good faith purchaser.

---

issue has been raised here with respect to when Panasonic and Toshiba first learned of the debtor's insolvency.

**7.** On the other hand, disposition of the goods by the debtor after a proper reclamation demand

has been made by a seller of goods cannot deprive the seller of reclamation rights. *See Matter of Bosler Supply Group,* 74 B.R. 250 (N.D.Ill.1987).

The parties in this proceeding have stipulated that certain of the goods in question remained on the premises of the debtor and had not been sold when the demands were made. Toshiba and Panasonic argue that this fact alone is sufficient to prove that Video King had possession of the goods. Both the Bank and the trustee claim that the physical location of the goods at the time of the demands is irrelevant here because in fact the Bank came into possession of the goods before demands were made when Video King voluntarily surrendered physical possession of the goods to the Bank and instructed the Bank to conduct a foreclosure sale.

"Possession" of goods is sometimes an elusive concept. Sometimes the one who has the goods physically does not possess them as a matter of law. Conversely, there are times where someone legally possesses goods without having actual possession of those goods. Thus, it is not surprising that the cases have determined legal possession of goods not solely by looking to the location of the goods but also by the degree of actual physical control over them. *See, e.g., In re Charter,* 54 B.R. 91 (Bankr.M.D.Florida, 1985).[8]

In the present proceedings, dominion and control over the goods which are the subject of this dispute is a question of fact that has not been stipulated to by the parties. In fact, dominion and control have not really been addressed by the parties. The parties agree where the goods were, but not who was in control of them. Possession, therefore, is an issue for trial, and neither the Toshiba nor Panasonic motions can be granted.[9]

The trustee has conceded that Video King was insolvent on the dates of delivery. The trustee's concession binds only the trustee. The Bank does not concede that fact and demands proof of insolvency. Panasonic and Toshiba call the Bank's position "ludicrous". Panasonic and Toshiba misunderstand the allocation of burdens of proof in these proceedings. The Bank has a right to demand such proof. The burden lies with Panasonic and Toshiba to establish their respective rights to reclamation of goods sold to the debtor. They must establish each element required by U.C.C. § 2–702 and Bankruptcy Code § 546(c) by a fair preponderance of the evidence. Thus, both Toshiba and Panasonic must prove that the debtor was insolvent at the dates of delivery. *In re Flagstaff Foodservice Corp.,* 56 B.R. 899 (Bankr.S.D.N.Y.1986).[10] Neither Panasonic nor Toshiba has offered any evidence of the debtor's insolvency. The record in these proceedings is noticeably devoid of numbers. No evidence of the debtor's financial condition in terms of assets and liabilities as of the dates of delivery has been proffered. This is not a situation as in a preference action where there is a presumption of insolvency upon which the claimants can rely. *Compare* 11 U.S.C. § 547(g). Thus, the burden lies with Panasonic and Toshiba to come forward with evidence of insolvency, not with the Bank to bring forward evidence of solvency. Since Panasonic and Toshiba have not met their burden, they cannot be granted summary judgment.

---

8. One area where the courts have struggled mightily in determining the meaning of the word "possession" in the context of section 9–305 of the Uniform Commercial Code (perfection of a security interest by possession). *See generally* White and Summers, *Uniform Commercial Code* ¶ 350–353 (3rd Ed.1988). In the § 9–305 context, again, the courts make it clear that possession is not necessarily determined by reference to physical location alone. *See, e.g., In re Rogers,* 39 B.R. 295, 299 (Bankr.W.D.Ky. 1984), where the court held that a creditor did not perfect its security interest in a debtor's crop by possession because although the debtor's crops were physically in creditor's warehouses, there was no evidence the creditor had the necessary and notorious dominion and control over the crops.

9. By the same token, as previously indicated in this opinion, this court believes that even if Panasonic or Toshiba is unable to prove that the debtor was in possession of the goods delivered when the reclamation demands were made, Panasonic and Toshiba can still succeed by showing that the Bank was not a good faith purchaser under § 2–403 of the U.C.C. The question of good faith is, of course, inherently factual to be resolved at trial. *See Monsanto Co. v. Walter E. Heller & Co.,* 114 Ill.App.3d 1090, 70 Ill.Dec. 653, 449 N.E.2d 993 (1st Dist.1983).

10. As indicated in Footnote 5, *supra,* "insolvency" here is Bankruptcy Code insolvency as defined in 11 U.S.C. § 101(31), i.e., the fair value of assets less than amount of liabilities.

Finally, Panasonic and Toshiba have challenged the validity of the Bank's security interest. The Bank's response is that the validity of its security interest is irrelevant vis-a-vis Panasonic and Toshiba because if the trustee succeeds in avoiding its security interest, the trustee will simply step into its shoes, preserve the lien for the benefit of the estate and assert it against Panasonic and Toshiba. *See* 11 U.S.C. § 551. Unfortunately, the analysis is not nearly so simple, and in fact, the validity of the Bank's security interest is highly relevant to determining the amount of Panasonic and Toshiba's claim under § 546(c).

Panasonic and Toshiba face a two step process. First, each must establish a *right* to reclaim the goods they sold to the debtor. Then, assuming they can establish that right, each must establish the *value* of that right in order to establish the amount of the lien or administrative claim each is entitled to under § 546(c). The reason this is true is obvious. Suppose Panasonic and Toshiba establish a right to reclamation, but it is also shown that the Bank is a good faith purchaser under § 2–403 of the U.C.C. If no involuntary petition had been filed, Panasonic and Toshiba's rights of reclamation would be subject to the Bank's rights under § 2–702(3) of the U.C.C. and would most likely be worthless outside of bankruptcy. *See Bosler Supply Group,* supra, 74 B.R. at 253.

Section 546(c) recognizes a seller's non-bankruptcy rights to reclaim goods sold to an insolvent buyer within limits and protects those rights, but that is all it does. It does not enhance those rights. Thus, while Panasonic and Toshiba may have been prevented from exercising state law rights of reclamation by the filing of the involuntary Chapter 7 petition and subsequent events in this bankruptcy case, and as a result may be entitled to a lien on the debtor's assets under § 547(c)(2), such a lien or administrative claim may be allowed only to the extent of the value of the lost right of reclamation. No other reading of § 546(c) makes any sense.

Admittedly, § 546(c) is not as clearly drafted as it might have been. Literally read, § 546(c) requires that the seller's full claim, not just the right to reclamation, be given administrative priority or secured by property of the estate where a seller is denied any rights of reclamation by the bankruptcy. However, suppose a seller is owed $900,000 for goods sold and delivered to the debtor twenty-one days before the bankruptcy. That same seller sells and delivers an additional $100,000 in goods to the debtor within a week before the petition is filed. If § 546(c) is read literally, the seller could have its entire $1,000,000 claim given administrative priority or secured by making a timely reclamation demand with respect to the $100,000 sale and otherwise following the requirements of § 2–702 of the U.C.C. and § 546(c) of the Bankruptcy Code, assuming the seller thereafter the bankruptcy court denied the seller the right to reclaim the last $100,000 of goods sold and delivered. This result is possible since "the claim of such a seller" under § 546(c)(2)(A) is arguably the full $1,000,000.

Such a result is obviously contrary to the equal treatment of creditors philosophy of the Bankruptcy Code. *See In re NWFX, Inc.,* 864 F.2d 593 (8th Cir.1989); *Matter of Elcona Homes Corp.,* 863 F.2d 483, 484 (7th Cir.1988); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986). Instead, it is much more logical to read § 546(c)(2)(A) as referring to the seller's reclamation claim. Thus, in the hypothetical, the seller should receive an administrative claim or lien in property of the estate only to the extent necessary to compensate it for the denial of the right of reclamation, which in this hypothetical would be $100,000. *See Bosler Supply Group,* 74 B.R. at 253. By the same token, Panasonic and Toshiba should be allowed a lien or an administration claim only to the extent necessary to compensate them for the damages suffered from this court's denial of their right to reclaim.

If Panasonic and/or Toshiba can establish the existence of a reclamation right, the next step will be for the court to value that right. That will be done by determining what would have happened had Panasonic and/or Toshiba sought to exercise such a reclamation right outside of the bankruptcy context. In that regard, the validity of the Bank's mortgage may be

crucial. If Panasonic and/or Toshiba would have been able to fully recover in a reclamation action outside of bankruptcy because of a defect in the Bank's lien or because they otherwise enjoy a priorty over the Bank's security interest, they are entitled to be fully compensated by a lien or priority claim in this bankruptcy for the same reason. This is true even if the trustee avoids the lien and steps into the Bank's shoes and preserves the lien for the benefit of the estate under 11 U.S.C. § 551. The trustee gets no better rights from such preservation vis-a-vis these claimants than the Bank. *See Consolidated Bank, N.A. v. Roemelmeyer (In re Joy)*, 81 B.R. 156 (Bankr.S.D.Fla.1988).

If, on the other hand, the reclamation rights of Toshiba and/or Panasonic would be valueless outside of bankruptcy because the goods in question for whatever reason would go first to satisfy the Bank's claim, those rights are equally valueless in the bankruptcy context, and the claimants would be entitled to no administrative claim or lien for the denial of the chance to exercise this valueless right. Section 546(c) is one of those provisions of the Bankruptcy Code that seeks to give recognition to nonbankruptcy entitlements. *See generally Griffin Retreading Co. v. Oliver Rubber Co. (Matter of Griffin Retreading Co.)* 795 F.2d 676 (8th Cir.1986). It is not intended to enhance such nonbankruptcy entitlements or to give value to rights which had no value outside of the bankruptcy context. Compensating Toshiba and/or Panasonic for a valueless reclamation right is, in effect, to distribute the same goods twice. On the one hand, the goods are given to the bank on account of its prior rights (if proven). On the other hand, the goods (or the value of the goods from other property of the estate) are given to the seller in recognition of its right of reclamation.

 Such a result is untenable. One or the other alone can succeed. Either the

Bank is entitled to the goods or the seller's right of reclamation has value. In either case, the loser is left with nothing more than a nonpriority unsecured claim with respect to the value of the goods in question sold and delivered to the debtor by Panasonic and Toshiba and subject to whatever rights of reclamation either may establish. This is exactly what the loser in this dispute would have gotten in a non-bankruptcy context.[11] As the validity of the Bank's security interest is at issue in these proceedings, the motions of the trustee and Bank for summary judgment must be denied.

*Conclusion*

IT IS HEREBY ORDERED that the Toshiba, Panasonic and Berkshire Motions for Partial Summary Judgment are denied.

IT IS FURTHER ORDERED that Video King's Cross Motion for Summary Judgment is denied.

**11.** Of course, it is not necessarily all or nothing. If the proof indicates that Toshiba and/or Panasonic would have recovered some, but not all of the goods delivered to the debtor in a nonbankruptcy § 2–702 reclamation action with the balance going to the Bank, that is exactly what will

happen in these proceedings economically. In addition, the Bank's rights, if any, to prevent reclamation are, in turn, subject to whatever rights the trustee may establish vis a vis the Bank in this or any other proceeding.