**In re ADVENTIST LIVING CENTERS, INC., Debtor.**

No. 92–C–7871.
Bankruptcy No. 90–B–21285.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 1, 1994.

Gregory N. Kazarian, Pedersen & Houpt, P.C., Chicago, IL, and Jerome R. Kerkman, Quarles & Brady, Milwaukee, WI, for Reinhart Institutional Foods, Inc.

Robert Michael Fishman and Karla L. Kambic, Ross & Hardies, P.C., Chicago, IL, for Adventist Living Centers, Inc.

Mark Emil Leipold, Oppenheimer, Wolff & Donnelly, Chicago, IL, and Michael B. Fisco, Oppenheimer, Wolff & Donnelly, Minneapolis, MN, for First Trust Co. of St. Paul.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case comes to us on an appeal from the bankruptcy court's denial of the motion of Reinhart Institutional Foods, Inc. to allow a priority administrative expense. Because we do not find that the bankruptcy court's findings of fact were clearly erroneous, we affirm its decision.

### Uncontested Facts

On November 14, 1990, Adventist Living Centers ("ALC") filed a voluntary petition for bankruptcy under Chapter 11 of the bankruptcy code. On November 15, 1990, Reinhart International Foods, Inc. ("Reinhart") made a reclamation demand on ALC for food products delivered within the past 10 days. On November 19, 1990, Reinhart's attorney Jerome Kerkman ("Kerkman") discussed Reinhart's demand with ALC's counsel Louis Levit ("Levit"). Kerkman told Levit that Reinhart did not want the food products returned, but instead wanted an administrative priority claim for the food in ALC's possession. Kerkman claims that Levit promised him that ALC either had taken or would take an inventory. Kerkman memorialized this conversation in a letter to Levit which Levit never received. Levit claims that, although he remembers the conversation, he does not remember promising Kerkman that ALC would take an inventory. Indeed, no inventory of Reinhart's food products was ever taken by either party.

ALC filed its Schedule of Assets and Liabilities with the Bankruptcy Court on January 24, 1991. An inventory dated November 14, 1990 was attached as a rider to ALC's Schedules. The inventory shows, *inter alia,* the food products on hand at each of ALC's 21 facilities. The inventory does not break down the food inventory by supplier.

In November, 1991, Reinhart filed its proof of claim with the Bankruptcy Court, indicating that it was asserting a priority administrative claims of $38,915. It filed a Motion to Allow Administrative Expense Priority on July 2, 1992.

After a hearing, the bankruptcy court denied Reinhart's motion. The court found that Reinhart had not presented sufficient evidence relating to the amount of the reclamation, and was therefore not entitled to an Administrative Expense Priority.

I am going to disallow payment of the amount or any amount at this juncture as an administrative claim. I do not and am not persuaded that Mr. Levit misrepresented the fact of the taking of a food inventory, and even if he did, I don't see how the creditor could have relied on it when the figures they used were not from an inventory but were from the schedules that were filed some two months later.

**312**

I don't feel that the elements of 546 have been met because although we know the value of what had been delivered within ten days before the filing, we don't know what the actual food inventory was on hand at the date of filing and are able to ascertain that at this point.

## Standard of Review

On an appeal from a bankruptcy court's decision, we will only reverse if we find the bankruptcy court's finding of fact clearly erroneous. Fed.R.Bankr.P. 8013. *Matter of Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir.1994). Conclusions of law are subject to de novo review. *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir. 1988), *cert. den.* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). A finding of fact is "clearly erroneous" when the "reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Leventhal*, 19 F.3d at 1177, *citing Anderson v. City of Bessemer*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

## Requirements for Reclamation

Reinhart's request for a priority administrative expense must be denied unless Reinhart establishes a valid claim for reclamation. 11 U.S.C. § 546(c). The party alleging a right to reclaim goods sold to an insolvent buyer has the burden of establishing each element of that right by a "fair preponderance of the evidence." *In re Video King of Illinois, Inc.*, 100 B.R. 1008, 1013 (Bankr.N.D.Ill.1989). The requirements of establishing a reclamation right are rather stringent. *In re Braniff, Inc.*, 113 B.R. 745 (Bankr.M.D.Fla.1990), *citing In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1348 (11th Cir.1988).

The necessary elements for reclamation are:

1. The seller sold goods on credit to the debtor in the ordinary course of business of both parties;
2. The seller delivered those goods to the debtor at a time when the debtor was insolvent, as that term is defined by the Bankruptcy Code;
3. Within ten days after the goods were delivered to the debtor, the seller made a written demand for the return of the goods;
4. The debtor has possession of the goods at the time of the reclamation demand or the goods were not the hands of a buyer in the ordinary course or a good faith purchaser at the time of the demand.

*Video King*, 100 B.R. at 1013–1014.

ALC has stipulated that Reinhart has satisfied the first three elements of § 546, and thus only the fourth was presented to the bankruptcy court. Reinhart admits that it cannot establish the exact quantity of its foods products in ALC's possession on November 14, 1990 and lays the blame at ALC's doorstep. Reinhart argues that, if not for Levit's promise that ALC would take an inventory, it would have taken its own and would have been able to establish the amount of its product in ALC's possession on November 15, 1990. Reinhart essentially asserts that ALC is estopped from requiring Reinhart to establish the fourth element of a reclamation demand.

## Estoppel

"Estoppel occurs when one party knowingly misrepresents or conceals a material fact and the other party, not knowing the truth, reasonably relies on that misrepresentation or concealment to its detriment." *Loyola University of Chicago v. Humana Ins. Co.*, 996 F.2d 895 (7th Cir.1993). The party asserting estoppel must show that it would not have acted "but for the conduct or representations of the other party and that [it] had no knowledge *or convenient means of ascertaining the true facts*" of the situation. *Id.*, *citing DeGraw v. State Sec. Ins. Co.*, 40 Ill.App.3d 26, 351 N.E.2d 302 (1976) (emphasis added).

The bankruptcy court made two decisive findings of facts relating to Reinhart's estoppel claim: (1) ALC did not promise to take an inventory for Reinhart; and (2) if ALC did make such a representation, then Reinhart's reliance on the representation was unreasonable. These are factual determination

that we can overturn only if we find they are clearly erroneous. Fed.R.Bankr.P. 8013.

### A. Whether Mr. Levit Made the Representation.

■ As for the first finding of fact, we believe the bankruptcy judge clearly made a mistake. Reinhart's attorney presented an affidavit, notes and a letter (albeit not received by ALC) which support his statement that Mr. Levit told him that ALC would take an inventory. ALC's contrary evidence consists of a statement by Levit that he does not *remember* making that statement. Significantly, Levit does not deny making the statement; we cannot ignore the ready inference that even Levit believes he may have made that statement. In other words, ALC presented no evidence which contradicted Reinhart's version of the conversation. Under these circumstances, Reinhart has established, by clear and convincing evidence, that Levit made a representation that ALC would take an inventory.

### B. Whether Reinhart's Reliance was Reasonable.

■ The bankruptcy court also found that Reinhart's reliance on ALC's representation was unreasonable. Here, we agree with the bankruptcy court. First, we do not believe that Reinhart's initial reliance on Mr. Levit's representation was unreasonable, *per se*. It is perfectly reasonable to assume that an attorney who says he will do something intends to do it. We nonetheless find that it was unreasonable for Reinhart *to continue* to rely on Mr. Levit's representation in the face of contrary evidence and in light of the considerable burden Reinhart undertook when it made its reclamation demand.

Reinhart had notice in January, 1991 that ALC had not taken the inventory Levit had promised. The rider to ALC's Schedules show the results of a general inventory dated November 14, 1990, that date ALC filed for bankruptcy. The rider in no way reflects the amount of Reinhart's products in ALC's possession on November 15, 1990 and would have signaled to a reasonable person standing in Reinhart's shoes that ALC did not have an inventory of Reinhart's products. Reinhart did nothing to confirm that an inventory had been taken. It did not ask to see the results of the inventory or even contact ALC to determine the amount of its claim.

Finally, counsel for Reinhart admits his familiarity with bankruptcy law. We can presume then that counsel was aware that Reinhart had a considerable burden of proof if it were to establish a right to reclamation. We can further presume that counsel for Reinhart knew that the *only* relevant date for inventory purposes was November 15, 1990, the date of Reinhart's demand. ALC gave no indication that it had taken an inventory on the relevant date. Indeed, it gave every indication that it had not done what Mr. Levit told Mr. Kerkman it would do. Under these circumstances, it was unreasonable for Reinhart to continue to rely on Levit's representation.

### *Conclusion*

Because we do not find that the bankruptcy court erred in its determination that Reinhart's reliance on ALC's representation was unreasonable, we affirm its decision. Reinhart must establish the amount of its inventory in ALC's possession on November 15, 1990, if Reinhart is to prove it is entitled to reclamation. Absent such a showing, Reinhart is not entitled to an administrative priority claim.