**LAVONIA MANUFACTURING COMPANY, Plaintiff/Appellee,**

v.

**EMERY CORPORATION, Defendant/Appellant.**

**Civ. A. No. 84–2167.**

United States District Court, E.D. Pennsylvania.

June 17, 1985.

Barry A. Brown, Philadelphia, Pa., for plaintiff/appellee.

Andrew D. Bershad, Philadelphia, Pa., for defendant/appellant.

OPINION

CAHN, District Judge.

Appellant, Emery Corporation ("Emery"), appeals under Bankruptcy Rule 8001(a), 11 U.S.C. § 8001(a) (1984), from a decision of the United States Bankruptcy Court for the Eastern District of Pennsylvania [1] allowing the seller, Lavonia Manufacturing Company ("Lavonia"), to reclaim property delivered to Emery shortly before it filed for bankruptcy. The Bankruptcy Court concluded that the seller's right of reclamation under 13 Pa.C.S.A. § 2702 (1984), the Uniform Commercial Code of Pennsylvania ("UCC"), was superior to the secured creditors' perfected security interests in Emery's after-acquired property. For the reasons stated below, I will reverse the decision of the Bankruptcy Court.

I.

The facts of this case are undisputed and were submitted to the Bankruptcy Court by stipulation. Prior to February 24, 1983, Emery executed security agreements to First Pennsylvania Bank, Edward Schmauder, and Lennox K. Black. The security agreements, which include a security interest in after-acquired inventory, were properly filed with the appropriate state and

---

**1.** *Lavonia Manufacturing Co. v. Emery Corp.,* 38 B.R. 489 (Bkrtcy.E.D.Pa.1984).

county offices. On March 1, 1983, Lavonia delivered twenty-one cases of polyester yarn to Emery and subsequently invoiced Emery for $10,490.24. On March 3, 1983, Emery filed a voluntary Chapter 11 petition for reorganization. The very next day, Lavonia sent a letter to Emery demanding return of the goods. Emery received the letter on March 7, 1983, but refused to return the yarn. Emery, who owes the three secured creditors an amount in excess of $10,490.24, has never returned the goods to Lavonia.

On these facts, the Bankruptcy Court granted Lavonia's request to reclaim the property delivered to Emery.[2] The court held that although a seller's right of reclamation is subordinate to the rights of a "good faith purchaser," the term "purchaser" in section 2702 of the UCC includes a secured creditor only to the extent that the creditor gives value to the debtor and receives a security interest in the goods *after* delivery of the goods and prior to the demand for reclamation. The issue presented on appeal is whether, under section 2702, Emery's perfected secured creditors are good faith purchasers to whom the seller's right of reclamation is subordinate.

## II.

Section 2702 of the UCC governs the reclamation rights of credit sellers.[3] Sub-

section (c) specifically subordinates a seller's reclamation right to the rights of a "good faith purchaser." To reclaim goods under section 2702, the seller must establish that the debtor was insolvent and that the seller made a timely demand for return of the delivered goods. The parties here do not dispute that Lavonia has met these requirements; Emery was insolvent when the goods were received and acknowledges receipt of the reclamation demand within the required ten day period.

Nevertheless, the Bankruptcy Court found that Emery's creditors were not "good faith purchasers" capable of subordinating Lavonia's right to reclamation. The court declined to apply the UCC's broad definitions of 'purchase' and 'purchaser' for purposes of section 2702. *Emery Corp.,* 38 B.R. at 493. Instead, the court held that "the term 'purchaser' in Section 2702(c) includes a secured creditor only to the extent that such creditor gives value to the debtor and receives a security interest thereon after the delivery of the goods and prior to the demand for reclamation." *Id.* at 493. In reaching this conclusion, the court first interpreted section 2403[4] of the UCC to mean that, because a debtor has voidable title in goods received from a seller, the seller can divest the debtor of the voidable title after delivery by giving notice

---

**2.** Lavonia filed its complaint under 11 U.S.C. § 546(c), which limits a trustee's ability to restrict a seller's right of reclamation. The legislative history of § 546 establishes that "as under non-bankruptcy law, the right [of reclamation] is subject to any superior rights of secured creditors. The purpose of the provision is to recognize, in part, the validity of section 2–702 of the Uniform Commercial Code." S.Rep. No. 95–989, 95th Cong., 2d Sess. 86–87 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5872–73. Emery, as debtor-in-possession, stands in the shoes of the trustee in bankruptcy under 11 U.S.C. § 1107(a), and thus subjects itself to the limitations of 11 U.S.C. § 546(c).

**3.** Section 2702 provides in relevant part as follows:

    (b) Reclamation of goods on credit.— Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt....

    (c) Limitations on right of reclamation.— The right of the seller to reclaim under subsection (b) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this division (section 2403). Successful reclamation of goods excludes all other remedies with respect to them.

Section 2702(c) was amended in 1982. At the time Lavonia asserted its right of reclamation, subsection (c) included the words "or lien creditor" after the phrase "other good faith purchaser."

**4.** Section 2403(a) states that:

    A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value.

under section 2702(b). Therefore, a good faith purchaser must take some action to prevent the seller of delivered goods from divesting the debtor of his section 2403 right to transfer good title to the good faith purchaser. The court concluded that "[t]he only reasonable triggering event which could occur after delivery ... is the issuance of credit and the receipt of a security interest." *Id.* at 496.

### III.

Section 2403 grants a person with voidable title and possession of goods the "power to transfer good title to a good faith purchaser for value." 13 Pa.C.S.A. § 2403(a). *See Independent News Co. v. Williams,* 293 F.2d 510, 512 (3d Cir.1961) ("any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entrustor"); *In re Holiday Meat Packing, Inc.,* 30 B.R. 737, 740 (Bkrtcy.W.D.Pa. 1983) ("a purchaser of goods from a dealer therein takes good title thereto under 13 Pa.C.S.A. § 2403"). I am unaware, however, of any authority supporting the view that section 2403 gives a seller the right to divest the debtor of title and reclaim goods unless the creditor gives new value, thereby defeating a prior secured creditor's interest in after-acquired property. To the contrary, numerous courts have held that a perfected secured creditor with an interest in after-acquired property is a good faith purchaser within the meaning of section 2403.[5] A review of the applicable Code sections leads me to concur in this view.

■ First, the statutory definitions of the UCC are persuasive on the point. Section 1201 of the Code defines purchaser as "a person who takes by purchase." Purchase, also defined in section 1201, includes "taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift or any voluntary transaction creating an interest in property." A security interest in after-acquired property certainly falls within the broad boundaries set by the above definition. Moreover, the inclusiveness of the definition, particularly of the final phrase, suggests that the Code's drafters intended "purchaser" to encompass holders of valid security interests of all types, including interests in after-acquired property. Second, Emery's creditors clearly gave "value" under section 1201 of the Code, which provides that a "person gives 'value' for rights if he acquires them ... as security for or in total or partial satisfaction of a preexisting debt." At the time of Lavonia's delivery, Emery owed the three creditors in excess of $10,490.24. The secured creditors gave value when they took an after-acquired interest in the yarn in exchange for this preexisting debt. *See, e.g., Shell Oil Co. v. Mills Oil, Inc.,* 717 F.2d 208, 212 (5th Cir. 1983). The Code imposes no demand that a secured creditor give "new" value to maintain a perfected interest in after-acquired property. I find that Emery's three perfected secured creditors were good faith purchasers under section 2702, whose rights are superior to Lavonia's rights as a reclaiming seller.

This result is directed by dicta in *Toyota Industrial Trucks U.S.A., Inc. v. Citizens Nat'l Bank of Evans City,* 611 F.2d 465 (3d Cir.1979). In *Toyota,* a dispute arose between a seller and a perfected secured creditor with an interest in after-acquired inventory. The United States Court of Appeals for the Third Circuit noted that Toyota, on discovering the dealer's insolvency,

---

5. *See, e.g., Shell Oil Co. v. Mills Oil Co., Inc.,* 717 F.2d 208, 212 (5th Cir.1983) (a secured party who takes an after-acquired interest in exchange for a loan is a purchaser); *Los Angeles Paper Bag Co. v. James Talcott, Inc.,* 604 F.2d 38, 39–40 (9th Cir.1979) (an inventory and accounts receivable financer holds the status of a "good faith purchaser" within the meaning of UCC § 2403); *Stower v. Mahon,* 526 F.2d 1238, 1242 (5th Cir.) (en banc), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) (a creditor with a security interest in after-acquired inventory who perfects the interest under Article Nine of the UCC is a purchaser under § 2403); *Action Industries, Inc. v. Dixie Enterprises, Inc.,* 22 B.R. 855, 859 (Bkrtcy.S.D.Ohio 1982) (a creditor with a perfected security interest in after-acquired inventory is by definition under the UCC a good faith purchaser).

had a right under section 2402 to reclaim delivered trucks. In discussing this right, the court approved of the view that a creditor with a perfected security interest in after-acquired property is a good faith purchaser whose claim is superior to that of a reclaiming seller.

> [I]f Toyota had reclaimed the trucks, they would have been subject to [the secured creditor's] perfected Article Nine interest in them:
>
> > "The seller's right of reclamation is inferior to a perfected security interest in the goods arising under an after-acquired property clause. Section 2–702[ (c) ] subordinates the seller's right to reclaim to the rights of a "good faith purchaser" under section 2–403, [ ].... Consequently, the holder of a perfected security interest prevails over a seller attempting to reclaim goods delivered to an insolvent buyer."

*Id.* at 473 n. 6, *quoting* Note, Selected Priority Problems in Secured Financing Under the Uniform Commercial Code, 68 Yale L.J. 751, 758 (1959).

Any seeming unfairness to Lavonia in this result is dispelled by recognition of the fact that the seller could have protected its interests by complying with the UCC's purchase money provisions. As the United States Court of Appeals for the Fifth Circuit noted in *Stowers v. Mahon* ("Samuels & Co."), 526 F.2d 1238 (5th Cir.) (*en banc*), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976), the Code seeks to encourage specific types of commercial behavior, most importantly, the notice filing of security interests. Specifically, the UCC "limits the seller's ability to reserve title once he has voluntarily surrendered possession to the buyer," *Id.* at 1246,[6] by requiring that the seller perfect a security interest in the delivered goods to become superior to any prior perfected security interests.

---

**6.** Section 2401(1) provides that any reservation of title by a seller in goods delivered to the buyer is limited to a reservation of a security interest.

**7.** Section 9107 provides that purchase money security interest is an interest

Under section 9107,[7] a seller may take a purchase money security interest ("PMSI") in goods delivered to a debtor. A PMSI in inventory offers a seller unusually good priority. In fact, a PMSI grants a seller of goods the power to defeat a prior perfected secured creditor with an interest in after-acquired inventory. *See* section 9312(c). This favored status is the Code's way of mitigating the potential inequity of security interests in after-acquired property.

The various sections and Articles of the UCC work together as an integrated whole. As part of the Code's overall scheme favoring notice filing of nonpossessory security interests in goods, a perfected security interest unquestionably holds a superior position to an unperfected interest. Excusing Lavonia's failure to perfect would frustrate the Code's purpose. Lavonia neglected to take advantage of the Code-provided means for gaining priority over the creditors here, and cannot now contest the loss of its interest.

For the reasons stated above, I will reverse the decision of the Bankruptcy Court. An appropriate order will issue.

---

(1) taken or retained by the seller of the collateral to secure all or part of its price; or (2) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.