### In re MARKO ELECTRONICS, INC., Debtor.

**Bankruptcy No. 90–00729.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 7, 1992.

John J. Hunter, trustee, Toledo, Ohio.

Kenneth Baker, Toledo, Ohio, for Dynascan.

Thomas Zaremba, Toledo, Ohio, for Ohio Citizens Bank.

Donna Weaver, Toledo, Ohio, for petitioning creditors.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Dynascan Corporation's Motion for Allowance of Administrative Claim. A Hearing was held on the matter and Objections thereto. The Court has reviewed the written arguments of counsel, the relevant case and statutory law, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that Dynascan Corporation's Motion for Allowance of Administrative Claim should be Granted in an amount equal to the proceeds of the sale of the reclamation goods at the Debtor's public liquidation sale.

## FACTS

The following facts in this case are not in dispute and have been stipulated by the Trustee and Dynascan Corporation.

An order for relief was entered against the debtor, Marko Electronics (hereinafter "Marko") on April 12, 1990 pursuant to an involuntary bankruptcy petition filed March 7, 1990 by Ohio Citizens Bank, a secured creditor of Marko. Attorney, John J. Hunter was appointed as Trustee of Marko's bankruptcy estate.

On or before February 22, 1990, Marko ordered various electronic items (hereinafter "Inventory") for use in the ordinary course of its business totalling Two Hundred Sixty–Eight Thousand Four Hundred Sixty-six dollars and Seventy-seven cents ($268,466.77) from Cobra Electronics, a division of Dynascan Corporation (hereinafter "Dynascan"). Dynascan is based in Chicago, Illinois.

On February 22, 1990, Dynascan shipped the Inventory to Marko pursuant to Marko's request. At the time the Inventory was shipped, Marko was insolvent. The Inventory was delivered to and received by Marko on February 23, 1990.

On or before February 26, 1990, Marko surrendered all of its assets (including the Dynascan Inventory) to Ohio Citizens Bank, a secured creditor of Marko. On February 28, 1990, Dynascan sent a written demand for reclamation of the Inventory to Marko in accordance with Section 2–702 of the Uniform Commercial Code (hereinafter "U.C.C.").

On March 7, Ohio Citizens Bank filed an Involuntary Chapter 7 Bankruptcy Petition on behalf of Marko. An order for relief was entered against Marko on April 12, 1990. At the time the order for relief was entered, Ohio Citizens Bank claimed and held a properly perfected security interest in the Inventory.

On April 18, 1990, this Court issued an order authorizing the Trustee to sell Marko's bankruptcy assets (including the Dynascan Inventory) at a public liquidation sale, without prejudice to Dynascan's reclamation claims. On April 26, 1990, Dynascan filed a Motion to Allow Reclamation or, in the Alternative, For Allowance of an Administrative Claim in the amount of $268,466.77 pursuant to 11 U.S.C. § 546(c)(2) and 11 U.S.C. § 503(b).

The Trustee subsequently sold the Inventory at a public liquidation sale and placed the proceeds of the sale in the Debtor's Estate from which the secured claim of Ohio Citizens Bank has been paid (with exception of post-petition interest).

Dynascan argues they are entitled to a priority Administrative Claim for $268,466.77. Ohio Citizens Bank argues that Dynascan is not entitled to any type of priority creditor status because Dynascan's claim was "extinguished" by Ohio Citizen's perfected secured claim. At the Hearing, the Trustee raised the issue that Dynascan's right of reclamation was impaired because § 2–702(3), as enacted in Ohio Revised Code § 1302.76(C), makes Dynascan's reclamation right subject to the rights of a

judgment lien creditor and that the Trustee sits as a "hypothetical" judgment lien creditor.

Dynascan urges the use of Illinois law to determine the underlying state law issue. Ohio Citizens Bank, in its Objection to Dynascan's Motion, seemingly concedes the use of Illinois law to determine Dynascan's Motion by basing its arguments on Illinois statutory and case law. This question is immaterial however, because the result is the same under both Illinois and Ohio law.

The primary issue is whether Dynascan has an administrative claim, in lieu of a right of reclamation, for the Inventory it shipped to Marko, pursuant to 11 U.S.C. § 546 and U.C.C. § 2–702, when Ohio Citizens Bank had a prior perfected security interest in the Marko's Inventory? Additionally, If Dynascan is entitled to an administrative claim, the question then becomes, what is the amount of that claim?

## LAW

*A. Seller's Right to Reclamation via 11 U.S.C. § 546(c) & U.C.C. § 2–702*

▮ Section 546(c) allows a creditor to reclaim goods delivered to a debtor when certain conditions are met. The statute provides in relevant part that:

> Except as provided ... the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—
>
> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and
>
> (2) the court may deny reclamation to a seller with such a right of reclamation

that has made such a demand only if the court—

> (A) grants the claim of such seller priority as a claim of a kind specified in section 503(b) of this title; or
>
> (B) secures such claim by a lien.

11 U.S.C. § 546(c). In other words, a seller is entitled to reclamation if: (1) there is a statutory or common law right to reclaim the goods; (2) the buyer was insolvent when the goods were received; and (3) the seller made a demand on the buyer *in writing within ten days* of the buyers receipt of the goods. If the seller fulfills these requirements, then a Court should allow the seller the right to reclaim its goods. *In re Roberts Hardware Co.*, 103 B.R. 396, 398 (Bankr.N.D.N.Y.1988). If for some reason a court chooses to deny a seller the right of reclamation of properly reclaimed goods, then the Court must either grant the seller a priority claim such as an administrative claim or a lien. *Id; see also Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.)*, 795 F.2d 676, 679 (8th Cir.1986); *American Saw & Mfg. Co. v. Bosler Supply Group (In re Bosler Supply Group)*, 74 B.R. 250, 254 (N.D.Ill.1987). Dynascan easily fulfills Section 546(c)'s three primary requirements.

First, Dynascan correctly bases it's statutory right on U.C.C. § 2–702. Section 2–702 in pertinent part provides:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt....
>
> (3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this Article (Section 2–403). Successful reclamation of goods excludes all other remedies with respect to them.

U.C.C. § 2–702(2)(3) (as amended 1966).[1] Whether you look to Illinois' adoption of § 2–702,[2] which mirrors the U.C.C. or

---

1. The 1966 Amendment deleted "or lien creditor" following "good faith purchaser" in the first sentence of subsec. (3).

2. Ill.Rev.Stat.Ch. 26 para. § 2–702 (1990).

Ohio's version,[3] which varies slightly, Dynascan has a statutory right to reclaim the goods subject only to Ohio Citizens Bank's Perfected Secured Claim.

Second, the Trustee and Dynascan stipulated that Marko was insolvent at the time the Inventory in question was shipped and received by the Debtor. In addition, the fact that Ohio Citizens Bank seized Marko's assets two days after Marko received the Inventory and later filed an Involuntary Petition forcing Marko into bankruptcy supports a finding that the Debtor was insolvent at the time the Inventory was received by Marko.

■ Finally, there is ample evidence to support the fact that Dynascan made a written demand for the Inventory well within ten days of the Marko's receipt of the Inventory. Dynascan shipped the goods on February 22, 1990 and the Marko received the Inventory on February 23, 1990. (Dynascan Corporation's Exhibit C, Letter from Federal Express, dated March 20, 1990). Dynascan in a letter dated February 27, 1990 and delivered February 28, 1990, clearly demands return of the Inventory. The letter, addressed to Mr. Michael Disbrow, reads in pertinent part as follows:

> "This letter is to advise you that we are herein demanding, under Section 2–702 of the Uniform Commercial Code, the immediate return of all Cobra Brand Product shipped and billed [February 22, 1990] or payment in kind...."

(Dynascan Corporation's Exhibit C). The fact that Marko was also offered the alternative of paying for the Inventory does not alter the letter's status as a satisfactory U.C.C. § 2–702 reclamation demand.

### B. Seller's Reclamation Right When There Is A Perfected Security Interest In the Goods

As straightforward as Section 546(c) reads, courts have split over whether the seller's right of reclamation is still available when there is a creditor with a perfected security interest in the buyer/debtor's inventory. Some courts have held that a seller's reclamation interest is "extinguished" by a secured creditor claim, while other courts have held that the seller's reclamation right is not extinguished but merely subordinated to the secured creditor's claim. See For cases holding seller's right is not extinguished: In re Leeds Building Products, Inc., 141 B.R. 265 (Bankr N.D.Ga.1992); In re Pester Refining Co., 964 F.2d 842, 846 (8th Cir.1992); In re Bosler Supply Group, 74 B.R. 250 (N.D.Ill.1987); In re Roberts Hardware Co., 103 B.R. 396 (Bankr.N.D.N.Y.1988); For cases holding seller's right is extinguished: In re Shattuc Cable Corp., 138 B.R. 557 (Bankr.N.D.Ill.1992); In re Coast Trading Co., 744 F.2d 686 (9th Cir.1984).

■ This court finds that to extinguish Dynascan's right of reclamation without granting an alternative remedy would provide an inequitable solution. Although Dynascan has fulfilled the requirements of § 546(c) to reclaim the goods, reclamation is impossible because the goods have already been sold. In In re Griffin Retreading Co., a strikingly similar situation was presented. 795 F.2d 676 (8th Cir.1986). In Griffin, the regular supplier of a tire retreading company shipped a supply of rubber to the tire company. Id. On the day after the shipment was received, the tire company filed for bankruptcy. Id. The supplier promptly demanded reclamation of the shipment pursuant to U.C.C. § 2–702, but the company failed to return the shipment and subsequently sold the goods in the ordinary course of business. Id. The Eighth Circuit Court of Appeals, in affirming the District Court, held that a reclaiming seller creditor that meets all the tests under § 546(c) for reclamation is entitled to either an administrative expense priority or secured lien when a right of reclamation is made impossible because the properly reclaimed goods were sold. Id. at 680. The Griffin Court aptly stated:

> "The granting of an administrative claim under § 546(c)(2)(A) is not inconsistent

---

**3.** Ohio Rev.Code Ann. § 1302.76(C) varies because Ohio has not adopted the 1966 U.C.C. amendment which eliminates "or lien creditor" from division (C). Ohio Rev.Code Ann. § 1302.76(C) (Anderson 1990 & supp.1991).

with the right to reclaim, but supplements that right. It provides additional protection to a seller who has delivered goods to a bankrupt debtor on the eve of the bankruptcy.... To order reclamation where such is impossible to attain is to acknowledge a right without a remedy."

*Id.* at 679. Similarly, Dynascan demanded Marko return the goods pursuant to U.C.C. § 2–702. However, because Ohio Citizens Bank held a perfected security interest in the Marko's assets (including the Dynascan Inventory), this Court allowed the Trustee to sell the Inventory and thereby denied a right of reclamation to Dynascan. In addition, because the Inventory has been sold, a lien on the Inventory will not provide Dynascan with an equitable remedy. Therefore, the appropriate remedy for Dynascan is a priority administrative claim.

■ The Trustee's belief that Dynascan's right of reclamation is impaired because U.C.C. § 2–702(3) as enacted in Ohio Revised Code § 1302.76(C) makes Dynascan's right to reclamation subject to the rights of a judgment lien creditor, such as the Trustee, is misplaced. In *In re Richards,* the court held that the rights of a reclaiming seller under U.C.C. § 2–702 are superior to the rights of a bankruptcy trustee as a "hypothetical lien creditor." 455 F.2d 281, 284 (6th Cir.1972); *See also In re Mel Golde Shoes, Inc.,* 403 F.2d 658 (6th Cir.1968); *In re Federal's Inc.,* 553 F.2d 509 (6th Cir.1977) *In re Bensar Co., Inc.,* 36 B.R. 699 (Bankr.S.D.Ohio 1984); *Action Industries, Inc. v. Dixie Enterprices, Inc.,* 22 B.R. 855, 861 (Bankr.S.D.Ohio 1982); *In re Western Farmers Ass'n,* 6 B.R. 432, 436 (Bankr.W.D.Wash.1980). Thus, even though Dynascan's right of reclamation is subordinated to the rights of a perfected secured creditor, their reclamation right is not subordinated to the Trustee.[4]

*C. The Value of Dynascan's Administrative Claim*

Dynascan argues that the proper amount for their administrative claim is $268,-

466.78. Dynascan derives this amount from the total of the invoices accompanying their February 22, 1990 shipment to Marko. Ohio Citizens Bank contends that this figure is inflated and the value of an administrative claim should be based upon the actual amount received for the goods at the public liquidation sale.

■ In *In re Coupon Carriers Co.,* the District Court reversed a Bankruptcy Court's approval of an administrative expense priority on the basis of a reclamation demand for the total amount of the invoices. 77 B.R. 650, 653 (N.D.Ill.1987). The *Coupon Carriers* court held that the reclaiming creditor's administrative claim was limited to the actual proceeds of sale and that the balance of its claim, up to the amount of its invoices, was a general unsecured claim. *Id.* Similarly, this court finds that Dynascan is entitled to an administrative claim in the total amount of the actual proceeds attributable to the reclamation Inventory received at the public liquidation sale and the balance of its claim (if any) is a general unsecured claim.

■ Ohio Citizens Bank has requested that this court compel Dynascan to respond to Ohio Citizens' prior discovery request before Dynascan's Motion for Administrative Expense is considered further. Dynascan's Motion seeks only the establishment and allowance of its claim, not the payment of money. Further discovery would result in nothing but unnecessary expenses from a pot that may well be nearly boiled dry. The issue as to whether there has been any preference payments made to Dynascan is a matter for the Trustee to discover prior to the payment of any monies to Dynascan. Therefore, Ohio Citizens Bank request for further Discovery is Denied.

In reaching the conclusions found herein, this Court has considered all the evidence and arguments of counsel regardless of whether or not they are specifically mentioned in this opinion.

---

**4.** This court notes that even under Ohio law, a lien creditor's rights are not superior to the rights of a reclaiming creditor. In Ohio, the rights of a lien creditor are not determined by the *U.C.C.,* rather they are determined by Pre-Code state law.

Accordingly, it is

ORDERED that Dynascan Corporation's Motion for Allowance of Administrative Claim be, and hereby, is GRANTED in the amount the Trustee finds attributable to the Dynascan Inventory from the proceeds of the Debtor's Public Liquidation Sale.

It is FURTHER ORDERED that the Trustee report to this Court within Fourteen Days of this Date, the actual amount attributable to the Dynascan Inventory from the proceeds of the Debtor's Public Liquidation Sale.

It is FURTHER ORDERED that Ohio Citizens Bank's request for additional Discovery is DENIED.