**In re STEINBERG'S, INC., Debtor.**

**MITSUBISHI CONSUMER ELECTRONICS AMERICA, INC., Plaintiff,**

**v.**

**STEINBERG'S, INC., et al., Defendants.**

Bankruptcy No. 97–15849.
Adversary No. 97–1181.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Aug. 11, 1998.

Douglas L. Lutz, Frost and Jacobs, Cincinnati, OH, for plaintiff or petitioner.

Thomas R. Noland, Cincinnati, OH, for defendant or respondent.

## ORDER GRANTING THE PROVIDENT BANK'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on Defendant The Provident Bank's ("Provident") Motion for Summary Judgment, Supporting Memorandum, and Affidavits (Docs. 16, 17, 18, 19), Plaintiff Mitsubishi Consumer America, Inc.'s ("Mitsubishi") Response (Doc. 21), Provident's Reply (Doc. 22), and the parties' Stipulation (Doc. 26). Oral arguments were heard on July 6, 1998.

The Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

This matter involves the competing claims of a reclaiming seller, Mitsubishi, and a secured creditor, Provident, in certain of the Debtor's collateral valued at approximately $346,000.00 ("Merchandise"). Provident contends that due to its valid and perfected security interest [1] in the Merchandise, Mitsubishi's reclamation claim should be denied. Mitsubishi contends that Provident is neither a lien creditor or a good faith purchaser as required under applicable state law. Mitsubishi also contends that even if Provident is a good faith purchaser, the rights of a reclaiming seller are superior to that of a perfected secured creditor. Lastly, Mitsubishi contends that even if Mitsubishi's reclamation claim is subject to Provident's security interest, Mitsubishi is entitled to an administrative claim in substitution for the return of the actual Merchandise.

### Background and Operative Law

On or about October 22, 1975, Provident and the Debtor entered into a security agreement whereby the Debtor granted Provident a security interest in all of its present and after-acquired inventory. On September 24, 1997, the Debtor filed its chapter 11 petition. On September 29, 1997, Mitsubishi initiated the within adversary proceeding, alleging that from about September 12, 1997 to September 22, 1997, Mitsubishi sold the Merchandise to the Debtor on credit to which it was entitled to reclaim under 11 U.S.C. § 546(c). On October 3, 1997, the parties entered into an Agreed Order whereby the Debtor would be permitted to sell the Merchandise and the interests of the parties

1. Subsequent to this Court's earlier Order Denying Motion for Summary Judgment (Doc. 23), the parties entered into a Stipulation as to the perfected status of Provident's security interest in the Merchandise (See Doc. 26). Provident raises other defenses in its Answer which are not at issue for purposes of this motion.

would attach to the Merchandise as if the Merchandise had not been sold. *See* Doc. 7.

Summary judgment should be granted "if the pleadings ... show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) made applicable through Bankruptcy Rule 7056. In order to preclude the granting of summary judgment, the non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to judgment for the movant. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

Section 546(c) of the Bankruptcy Code states as follows:

> [T]he rights and powers of a trustee ... are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor received such goods while insolvent, but (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—(A) before 10 days after receipt of such goods; or (B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or (B) secures such claim by a lien.

■ This code section preserves reclamation rights as they exist outside of bankruptcy and under state law. *E.g., In re Victory Markets, Inc.*, 212 B.R. 738, 741 (Bankr.N.D.N.Y.1997). The operative state statute in this case is Ohio Revised Code § 1302.76 (UCC 2–702) which states that the "seller's right to reclaim ... is subject to the rights of a buyer in ordinary course or other *good faith purchaser or lien creditor ...*" (emphasis added).[2] The reclaiming seller has the burden of proof under § 546(c) by a

preponderance of the evidence. *See In re Victory Markets, Inc.*, 212 B.R. at 741.

### The Rights Of A Reclaiming Seller Are Subject To The Rights of A Perfected Secured Creditor

■ The courts in this circuit, as well as others, have overwhelmingly concluded that a holder of a perfected floating lien on inventory qualifies as a good faith purchaser with rights superior to that of a reclaiming seller. *See In re Marko Electronics, Inc.*, 145 B.R. 25, 28 (Bankr.N.D.Ohio 1992) (reclaiming seller has statutory right to reclaim subject to perfected secured claim); *In re Bensar Co.*, 36 B.R. 699, 702 (Bankr.S.D.Ohio 1984) (secured creditor who acts in good faith qualifies as good faith purchaser under UCC 2–702(3)); *In re Melvin Liquid Fertilizer, Inc.*, 37 B.R. 587, 589 (Bankr.S.D.Ohio 1984) (following *Action Industries, Inc.*, infra); *Action Industries, Inc. v. Dixie Enterprises, Inc.*, 22 B.R. 855, 859 (Bankr.S.D.Ohio 1982) (UCC expressly protects good faith purchasers and secured creditors from reclamation claims); *In re Wathen's Elevators, Inc.*, 32 B.R. 912 (Bankr.W.D.Ky.1983) (right of reclamation subject to bank's prior security interest); *In re McLouth Steel Corp.*, 22 B.R. 722, 724 (Bankr.E.D.Mich.1982) (perfected secured creditor qualifies as good faith purchaser under UCC 2–702(3)); *In re Samuels & Co.*, 526 F.2d 1238 (5th Cir.) (en banc) (reclamation seller takes subject to perfected secured creditor), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); and *In re Pester Refining Co.*, 964 F.2d 842, 845 (8th Cir.1992) (reclaiming seller stands behind perfected secured creditor). *But see In re Reliable Drug Stores, Inc.*, 70 F.3d 948, 949–50 (7th Cir. 1995) (dicta questioning whether reclaiming seller stands in line after holder of perfected security interest). The only case to hold otherwise, *In re American Food Purveyors, Inc.*, 17 U.C.C.Rep.Serv. 436 (Bankr.N.D.Ga. 1974) is quite old and has generally not been followed. *See e.g., In re Melvin Liquid Fertilizer, Inc.*, 37 B.R. at 589.

We choose to follow the well-reasoned majority position that a perfected secured credi-

---

**2.** Ohio has not adopted the 1966 amendment to the UCC which eliminated the phrase "or lien

creditor." *See In re Marko Electronics, Inc.*, 145 B.R. 25, 28, n. 3 (Bankr.N.D.Ohio 1992).

tor is good faith purchaser and thus has priority over a reclaiming seller.[3] This holding is supported by Ohio Revised Code § 1301.01(FF) (UCC 1–201(32)) which defines the term "purchase" to include "taking by . . . mortgage, pledge, lien . . ." *See In re Bensar Co.*, 36 B.R. at 703. This holding is consistent with the underlying purpose of UCC 2–702 which affords a seller certain remedies as against a *buyer* who turns out to be insolvent. It is also consistent with the historic roots of the reclamation remedy whereby the reclaiming seller is prioritized behind the buyer's perfected secured creditors but ahead of the buyer's general unsecured creditors. *See In re Pester Refining Co.*, 964 F.2d at 845.

The courts are less clear, however, on the issue of good faith. Some courts conclude, with little analysis, that a perfected secured creditor has good faith. *E.g., Lavonia Manufacturing Co. v. Emery Corp.*, 52 B.R. 944, 946 (E.D.Pa.1985); *In re Bensar Co.*, 36 B.R. at 703; *Action Industries, Inc.*, 22 B.R. at 859. Some courts ignore the issue of good faith altogether. *E.g., In re Marko Electronics, Inc.*, 145 B.R. at 28. Some courts have held that the question of a perfected secured creditor's good faith is irrelevant because under UCC 2–702(3), the term "good faith" modifies only the term "purchaser" and not the term "lien creditor". *E.g., In re American Spring Bed Manufacturing Co.*, 153 B.R. 365, 372 (Bankr.D.Mass.1993). Some courts have stated that the secured creditor will prevail absent a showing of bad faith. *E.g., In re Victory Markets, Inc.*, 212 B.R. at 742; *In re Sunstate Dairy & Food Products Co.*, 145 B.R. 341, 344 (Bankr.M.D.Fla.1992). Some courts have held that the secured creditor will prevail unless the reclaiming seller shows that the secured creditor lacked good faith. *E.g., In re M. Paolella & Sons, Inc.*, 161 B.R. 107, 123 (E.D.Pa.1993), *aff'd* 37 F.3d 1487 (3rd Cir.1994); *Graniteville Co. v. Bleckley Lumber Co.*, 687 F.Supp. 589 (M.D.Ga.1988); *In re Wathen's Elevators, Inc.*, 32 B.R. at 920.

Given the permeating requirement of good faith throughout the UCC, we choose to follow the latter group of cases. *See Graniteville Co.*, 687 F.Supp. at 592, n. 7 ("concept of good faith is a foundation of the UCC"); *see also* Ohio Rev.Code § 1301.09 (UCC 1–203) ("Every contract or duty within chapters [1301 thru 1310] imposes an obligation of good faith in its performance or enforcement"). We hold, therefore, that a reordering of the priorities may occur if the reclaiming seller shows that the perfected secured creditor violated the subjective honesty in fact standard of Ohio Revised Code § 1301.01(S) (UCC 1–201(19)). *See In re M. Paolella & Sons, Inc.*, 161 B.R. at 123; *In re Wathen's Elevators, Inc.*, 32 B.R. at 920. This holding is consistent with the overall plan of the UCC, which generally favors good faith purchasers and encourages notice filing of security interests. *See In re Samuels & Co.*, 526 F.2d at 1241–42. Nor is this a harsh result, as the reclaiming seller could always have availed itself of greater protection by procuring a purchase money security interest on the subject goods. *See e.g., In re Bensar Co.*, 36 B.R. at 704.

To this end, a perfected secured creditor who enforces a security agreement in a manner consistent with the clear terms thereof and the expectations of the parties is acting in good faith. *In re M. Paolella & Sons, Inc.*, 161 B.R. at 123. Good faith also does not require the secured creditor to continue to finance a doomed business. *In re Samuels & Co.*, 526 F.2d at 1243. We also hold that the reclaiming seller has the burden of showing the absence of good faith on the part of the perfected secured creditor since it is the reclaiming seller who bears the burden of proof under § 546(c).

Citing *In re M. Paolella & Sons, Inc.*, 161 B.R. 107, Provident contends that it is only the relationship between the debtor and the secured creditor that is relevant to the good faith analysis. Citing *In re Wathen's Elevators, Inc.*, 32 B.R. 912, Provident also contends that the good faith of the secured creditor should be analyzed only as of the

---

**3.** In view of this holding, it is not necessary to address Mitsubishi's argument that Provident is

not a lien creditor under UCC 2–702(3).

time the security agreement was entered into. In view of the holding below, we do not find it necessary to address either of these nuances to the good faith issue.

■ Mitsubishi has set forth no substantive allegations that would place Provident's good faith at issue. Mitsubishi states only that it would "like to be informed" about the extent Provident's control over the Debtor's financial affairs, whether Provident acted within its rights under its agreements with the Debtor, and the extent to which Provident's actions could have led to the filing of the bankruptcy petition. *See* Doc. 21, p. 15. This Court finds it inappropriate to allow a reclaiming seller to embark on a "fishing expedition" against a perfected secured creditor in the hopes of uncovering evidence which might place the perfected secured creditor's good faith into question. Rather, we find that the reclaiming seller must show some basis upon which to question the secured creditor's good faith. *See Graniteville Co.,* 687 F.Supp. at 593 (reclaiming seller, through affidavits and depositions, presented sufficient evidence to indicate question of fact as to secured creditor's good faith). Otherwise, every bankruptcy case involving a reclamation claim of any magnitude will be embroiled in an adversary proceeding where the reclaiming seller attempts to question the good faith of the secured creditor, regardless of the facts of the case. Mitsubishi's allegation that Provident has "stonewalled" its discovery requests is unpersuasive because Mitsubishi has not sought to enforce its discovery requests in the face of Provident's objections thereto.

Accordingly, since there is no genuine issue of material fact as to the perfected status of Provident's security interest in the Merchandise, we hold that Mitsubishi's rights as a reclaiming seller are subject to Provident's rights as a perfected secured creditor in the Merchandise.

---

4. The parties have not presented this evidence to the Court within the context of this motion for

## Mitsubishi May Be Entitled To An Administrative Claim

■ There is also disharmony among the courts as to the remedy for a reclaiming seller whose rights are found to be subordinate to those of a perfected secured creditor. Some courts have held that where reclamation is denied, the reclamation seller is entitled to an administrative priority claim or a lien in the full amount of the reclamation claim, based upon the language of § 546(c)(2). *See Sunstate Dairy & Food Products, Inc.,* 145 B.R. at 345–46; *In re Melvin Liquid Fertilizer Co.,* 37 B.R. at 590; and *In re Wathen's Elevators, Inc.,* 32 B.R. at 923; *see also In re Marko Electronics, Inc.,* 145 B.R. 25 (1992) (administrative claim allowed for actual amount received for goods at public liquidation sale). This view, however, improperly elevates the reclaiming seller's right over what he would have under state law at the expense of the unsecured creditors. *See In re Victory Markets, Inc.,* 212 B.R. at 743; *In re Blinn Wholesale Drug Co.,* 164 B.R. 440, 447 (Bankr.E.D.N.Y.1994); *In re Video King of Illinois, Inc.,* 100 B.R. 1008, 1016 (Bankr.N.D.Ill.1989).

We choose to follow the well-reasoned line of cases which hold that the reclaiming seller is entitled to an administrative claim in any surplus proceeds remaining after the perfected secured creditor's interest has been satisfied or released. *See In re Video King of Illinois, Inc.,* 100 B.R. at 1016 (followed by *In re Victory Markets, Inc.,* 212 B.R. at 743 and *In re Leeds Building Products, Inc.,* 141 B.R. 265 (Bankr.N.D.Ga.1992)); *In re Pester Refining Co.,* 964 F.2d at 846–47.

Accordingly, to the extent that there are any surplus proceeds[4] from the sale of the Merchandise remaining after Provident's security interest has been satisfied, Mitsubishi shall have an administrative claim on said surplus. The balance of Mitsubishi's claim shall be treated as a general unsecured claim.

summary judgment.

Based upon the foregoing, Provident's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.